**19SL-CC04853**

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **ROCHELLE JONES,** ) | |
| ) | |
| Plaintiff**,** ) | |
| ) | **Cause No:** |
| **vs.** ) | |
| ) | **Division:** |
| ) | |
| **PAUL CERAME AUTO GROUP, INC.** ) | |
| ) | |
| Serve: ) | |
| Spenserv-St. Louis, Inc. ) | |
| 1 North Brentwood Blvd., Suite 1000 ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| and ) | |
| ) | |
| **AMERICREDIT FINANCIAL SERVICES,** ) | |
| **INC.** ) | |
| ) | |
| Serve: ) | |
| CSC of St. Louis County, Inc. ) | |
| 130 South Bemiston Avenue, Suite 700 ) | |
| Clayton, Missouri 63105 ) | |
| ) | |
| ) | |
| Defendants. ) | |

## PETITION

**COMES NOW** Plaintiff Rochelle Jones, by and through her undersigned counsel, and asserts her cause of action under the Missouri Merchandising Practices Act (Chapter 407 R.S.Mo.) ("MMPA"), the Magnuson-Moss Warranty – Federal Trade Commission Improvement Act (15 U.S.C. § 2301 *et seq.*) (the "MMWA"), and the Fair Credit Reporting Action (15 U.S.C. § 1681 *et seq.*) ("FCRA") against Defendants Paul Cerame Auto Group, Inc. and Americredit Financial Services, Inc., and in support thereof, states to the Court the following:

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult individual citizen and legal resident of the State of Missouri.

**EXHIBIT**

**A**

exhibitsticker.com

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

2.      Defendant Paul Cerame Auto Group, Inc. ("Paul Cerame") is a domestic corporation.

3.      Defendant Americredit Financial Serivces, Inc. ("Americredit") is a foreign corporation registered to conduct business within the State of Missouri.

4.      This Court has jurisdiction over the subject matter of this civil suit pursuant to the Missouri Constitution, Article V § 14.

5.      This Court has the statutory authority to grant the relief requested herein pursuant to § 407.025 R.S.Mo, and § 478.070 R.S.Mo.

6.      Venue is proper in the St. Louis County, Missouri, where Defendants' registered agents are located, Plaintiff resides, and the transaction occurred.

<u>**BACKGROUND**</u>

***Defendant Paul Cerame Sells a Vehicle to Plaintiff Without Providing Title***

7.      On July 21, 2015, Plaintiff purchased a 2014 Ford Fusion bearing the Vehicle Identification Number 3FA6P0H98ER340342 (hereinafter the "Vehicle") from Paul Cerame.

8.      Plaintiff and Paul Cerame memorialized their agreement, for valuable consideration, by entering into a written Buyer's Order, which shows the sale price of the Vehicle as $18,689.00.

9.      Plaintiff financed the purchase through Americredit by entering into a Retail Installment Contract contemporaneously with the Buyer's Order.

10.     Plaintiff received possession of the Vehicle from Paul Cerame, as the parties agreed and intended, on the same day of her purchase.

11.     Plaintiff used the Vehicle for her personal use beginning on July 21, 2015.

12.     Plaintiff thus purchased the Vehicle as that term is used pursuant to § 407.025

2

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

R.S.Mo.

13.     Paul Cerame agreed to transfer Title to the Vehicle to Plaintiff, as evidenced by the Application for Missouri Title and License, Missouri Department of Revenue Form 108, which Paul Cerame completed.

14.     Paul Cerame signed the Application for Missouri Title and License, showing Plaintiff as the owner of the Vehicle, under the penalty of perjury.

15.     Under section 301.210, a dealership "***shall*** . . . deliver [title] to the buyer at the time of the delivery" of the motor vehicle.  Mo. Rev. Stat. § 301.210.1 (emphasis added). "Absolute technical compliance with the statute is required, otherwise the sale is fraudulent." *Oliver v. Cameron Mutual*, 866 S.W.2d 865, 868 (Mo. App. 1993).

16.     Paul Cerame did not provide title to the Vehicle to Plaintiff on the date she purchased the vehicle and took possession of the same.

17.     After purchasing the Vehicle, Plaintiff went to the Missouri Department of Motor Vehicles with all of the documents she obtained at the time of sale.

18.     A representative informed her that she could not register the Vehicle without a copy of the actual title as opposed to the mere application.

19.     Therefore, Plaintiff called Paul Cerame and asked about the status of the title.

20.     Paul Cerame informed her that it would mail her a copy, however, it never did so.

21.     To date, Plaintiff has never received title to the Vehicle.

22.     Without valid title, the Vehicle possesses zero market value and Plaintiff will incur additional late fees for registering it.

23.     Even though she did not have a copy of the title, Plaintiff nevertheless maintained insurance on the Vehicle and made her payments to Americredit.

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

24.    "Under Missouri law, if a buyer is not provided with a title, said buyer is relieved of the obligation to make payments on the purchase." *See Peel v. Credit Acceptance Corp.*, 408 S.W.3d 191, 197 (Mo. App. W.D. 2013); *accord Burton v. SS Auto Inc.*, 426 S.W.3d 43, 48 [n6] (Mo.App. W.D. 2014) ("[E]ven when most of the vehicle's purchase price is financed, and that failure to provide such title relieves the buyer from his obligation to make further payments on the vehicle.").

25.    Notwithstanding the fact that Plaintiff was relieved of her obligation to make payments, Americredit required Plaintiff to make her payments.

26.    Then, in July of 2019, Plaintiff was involved in a motor vehicle accident.

27.    Plaintiff submitted the claim to her insurance carrier, Geico, who the damage was otherwise covered but that Plaintiff needed to first obtain a copy of the title.

28.    Plaintiff then contacted Paul Cerame who acknowledged that it had never provided her title and said that Plaintiff would need to apply for a duplicate title.

29.    Plaintiff did as instructed but by the time she compiled the documentation for the duplicate title, Americredit had already sought a repossession title.

30.    Upon information and belief, Americredit prepared and sent Form 5005 to the Missouri Department of Revenue, in which Americredit declared, under penalty of perjury, "that the debtor has defaulted in payment of the debt on the unit listed above and the unit has been repossessed either by legal process or in accordance with the terms of the security contract.  I have written consent from all owners and/or lienholders of record to repossess this unit or I have provided all owners/lienholders with a 10-day written notice by first class mail or as outlined in the Uniform Commercial Code, of the repossession and that an application for repossessed title will be made and the notice has now expired."

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

31.     In actuality, Americredit perjured itself.

32.     Americredit did not have written consent from Plaintiff to repossess the vehicle.

33.     Americredit did not provide Plaintiff with a 10-day written notice of the repossession, or any other notice.

34.     Americredit failed to provide notice to Plaintiff as required by § 408.554 R.S.Mo, and further failed to apprise Plaintiff that Americredit believed that Plaintiff was in default.

35.     Americredit also failed to send Plaintiff notice pursuant to § 301.215(2) R.S.Mo.

36.     Since Plaintiff was never provided title, Plaintiff could not have been in default of any payments.

37.     Americredit's application for a repossession title was, therefore, necessarily improper.

38.     Plaintiff informed Amercredit that she never received title.

39.     Undeterred, Americredit began submitting negative tradelines on Plaintiff's credit report in a further attempt to coerce payments from her despite knowledge that she never received title.

40.     Plaintiff can no longer obtain reasonable financing to purchase another substitute vehicle as a result of Americredit's credit reporting conduct.

41.     To date, Americredit continues to update Plaintiff's credit report with a larger-and-larger past due balance, which is further damaging Plaintiff's credit beyond repair.

42.     To date, Americredit has never returned any of the payments Plaintiff made on her loan during the time period in which she did not have title.

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

## COUNT I
## VIOLATIONS OF MISSOURI MERCHANDISING PRACTICES ACT
### (as to Paul Cerame Auto Group, Inc. and Americredit Financial Services, Inc.)

43.     Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

44.     Plaintiff is a "Person," as defined by § 407.010(5) R.S.Mo.

45.     Defendants are each a "Person" as defined by § 407.010(5) R.S.Mo

46.     The Vehicle is "merchandise" as defined by § 407.010(4) R.S.Mo.

47.     Plaintiff's purchase of the Vehicle is a "Sale" or is in connection with a "Sale" as defined by § 407.010(6) and § 407.020 R.S.Mo.

48.     Plaintiff purchased the Vehicle from primarily for personal, family, or household purposes.

49.     In connection with the sale of the Vehicle to Plaintiff, Defendants committed deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of a material fact, in violation of § 407.020 R.S.Mo.

50.     An unfair business practice under the MMPA includes any method, use or practice that violates a federal law intended to protect the public, per 15 C.S.R. § 60-8.090.

51.     Defendants violated § 301.210 R.S.Mo. by not transferring title to the Vehicle to Plaintiff.

52.     As the assignee of the retail installment contract, Defendant Americredit is equally liable for the violations stemming from the sale pursuant to 16 C.F.R. § 433.

53.     As a direct and proximate result of Defendants' violations of § 407.020 R.S.Mo., Plaintiff has suffered an ascertainable loss of money, and seek relief pursuant to § 407.025 R.S.Mo

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

54.     Pursuant to § 407.025 R.S.Mo., Plaintiff seeks actual damages and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for damages that will fairly and justly compensate Plaintiff, together with her costs and attorney's fees herein incurred and expended, interest, and for such further and additional relief as this Court may deem just and proper under the circumstances.

<u>**COUNT II**</u>
<u>**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**</u>
**(as to Paul Cerame Auto Group, Inc. and Americredit Financial Services, Inc.)**

55.     Plaintiff hereby reavers and incorporates by reference all statements and allegations previously set forth as if fully rewritten herein.

56.     The Vehicle is a "good" as defined by § 400.2-103 R.S.Mo.

57.     The Vehicle is also a "Consumer Product" as defined by 15 U.S.C. § 2301(1).

58.     Plaintiff is a "Buyer" per § 400.2-103 R.S.Mo., in that she bought goods, namely, the Vehicle.

59.     Plaintiff is also "Consumer" as defined by 15 U. S. C. § 2301(3), in that she purchased a consumer product.

60.     Defendant Paul Cerame is a "Seller" per §400.2-103 R.S.Mo. in that it sells or contract to sells goods.

61.     Defendant Americredit is a "Seller" per §400.2-103 R.S.Mo. in that by standing in the shoes of Defendant Paul Cerame it sells goods, and also entered into a contract to sell goods, namely, the Motor Vehicle Retail Installment Contract.

62.     Defendant Paul Cerame is also a "Supplier" and a "Warrantor" as defined by 15 U.S.C. §§ 2301(4) and 2301(5).

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

63.     Defendant Americredit is a "Supplier" as defined by 15 U.S.C. § 2301(4)  in that by standing in the shoes of Defendant Paul Cerame it supplied a vehicle, and also because it indirectly made the vehicle available to Plaintiff.

64.     Pursuant to § 400.2-312 R.S.Mo., Defendants created a warranty of title, namely, that title shall be conveyed to Plaintiff.

65.     Defendants therefore provided Plaintiff an "Implied Warranty" as defined by 15 U.S.C. § 2301(7).

66.     Section 15 U.S.C. § 2310(d)(1) provides:

> [A] consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty or service contract, may bring suit for damages and other legal and equitable relief...

67.     Defendants have been afforded a reasonable opportunity to cure the breach of warranty relating to the title, pursuant to 15 U.S.C. § 2310(e).

68.     The failure to provide title constitutes a breach of the implied warranty per § 400.2-312 R.S.Mo.

69.     Plaintiff therefore brings this suit for Defendants' failure to comply with its obligations under an implied warranty.

70.     Plaintiff notified Defendants regarding a breach of warranty within a reasonable time.

71.     As a direct and proximate result of Defendants' failure to comply with the implied warranty of title, Plaintiff has suffered suffer damages.

72.     Pursuant to 15 U.S.C. § 2310(d)(2), Plaintiff seeks all Costs, including attorney's fees and expert witness fees.

8

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

**WHEREFORE**, Plaintiff respectfully demands damages consisting of:

A. The full purchase price of the vehicle, collateral charges, finance charges, incidental and consequential damages;

B. Costs, including expert witness fees and reasonable attorney's fees; and

C. For such other relief as this court deems just and proper.

### COUNT III: NEGLIGENT VIOLATION OF THE FCRA
#### (as to Americredit Financial Services, Inc.)

73. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

74. Defendant has failed to exercise ordinary care in order to comply with the provisions of the FCRA, 15 U.S.C. § 1681 et seq.  Specifically, Defendant:

a. Furnished information relating to Plaintiff's alleged debt to a consumer reporting agency that Defendant had reasonable cause to believe was inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

b. Failed to accurately provide information relating to Plaintiff's loan account that Defendant had erroneously reported as delinquent, 15 U.S.C. § 1681s-2(a)(5);

c. Failed to provide Plaintiff sufficient notice regarding Defendant's intent to furnish negative information to a credit reporting bureau prior to reporting such a negative entry, 15 U.S.C. § 1681s-2(a)(7);

d. Failed to establish and maintain reasonable guidelines regarding the accuracy and integrity of the information relating to consumers' information that Defendant furnished to reporting agencies, 15 U.S.C. § 1681s-2(e)(1).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A. Judgment that Defendant's conduct violated the FCRA;

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

B.     Actual damages;

C.     Reasonable attorney's fees pursuant to 15 U.S.C. § 1681o;

D.     For such other relief as the Court may deem just and proper.

### COUNT IV: WILLFUL VIOLATION OF THE FCRA
### (as to Americredit Financial Services, Inc.)

75.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

76.     Defendant knew that Plaintiff did not receive title to her Vehicle but nevertheless reported the loan as delinquent.

77.     Defendant's actions described above were thus knowingly and intentionally committed in conscious disregard for and reckless indifference to Plaintiff's rights.

78.     Defendant has failed to comply with the provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*, as a result of its conscious disregard for and reckless indifference to Plaintiff's rights.  Specifically, Defendant:

a.     Furnished information relating to Plaintiff's alleged debt to a consumer reporting agency that Defendant had reasonable cause to believe was inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A);

b.     Failed to accurately provide information relating to Plaintiff's loan account that Defendant had erroneously reported as delinquent, 15 U.S.C. § 1681s-2(a)(5);

c.     Failed to provide Plaintiff sufficient notice regarding Defendant's intent to furnish negative information to a credit reporting bureau prior to reporting such a negative entry, 15 U.S.C. § 1681s-2(a)(7);

d.     Failed to establish and maintain reasonable guidelines regarding the accuracy and integrity of the information relating to consumers' information that Defendant furnished to reporting agencies, 15 U.S.C. § 1681s-2(e)(1).

Electronically Filed - St Louis County - October 24, 2019 - 02:09 PM

79.     Defendant's repeated noncompliance with respect to Plaintiff's debt and Defendant's widespread failure to adopt reasonable measures to ensure other consumers in a like position do not have their account information negatively reported justifies the imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct violated the FCRA;

B.     Actual damages, or statutory damages of $1,000;

C.     Reasonable attorney's fees pursuant to 15 U.S.C. § 1681n;

D.     Punitive damages in the greatest amount available by law;

E.     For such other relief as the Court may deem just and proper.


Respectfully submitted,

**BRODY & CORNWELL**

/s/  Bryan E. Brody       #57580
Bryan E. Brody,          #57580
Alexander J. Cornwell, #64793
7730 Carondelet, Ste. 135
St. Louis, MO 63105
Ph: (314)-932-1068 / Fax: (314)-228-0338
BBrody@BrodyandCornwell.com
ACornwell@BrodyandCornwell.com
*Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL T JAMISON | Case Number:  19SL-CC04853 |
|---|---|
| Plaintiff/Petitioner:<br>ROCHELLE JONES | Plaintiff's/Petitioner's Attorney/Address<br>BRYAN ETHAN BRODY<br>7730 CARONDELET AVE.<br>SUITE 135<br>ST. LOUIS, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> PAUL CERAME AUTO GROUP, INC. | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Contract-Other | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to:  **AMERICREDIT FINANCIAL SERVICES, INC.** |
|---|

**Alias:**

**C/O CSC OF ST. LOUIS COUNTY**
**130 S. BEMISTON-STE 700**
**CLAYTON, MO 63105**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

 You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
 **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

<u>05-NOV-2019</u>
**Date**

_____
**Clerk**

**Further Information:**
**AD**

| Sheriff's or Server's Return |
|---|

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
          Printed Name of Sheriff or Server                                    Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*          Subscribed and sworn to before me on _____ (date).

          My commission expires: _____          _____
                                                                    Date                                             Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73